IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KUSTOM SIGNALS, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:23-CV-1937-N |
| § | |
| APPLIED CONCEPTS, INC. § | |
| § | |
| Defendant. § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Applied Concepts, Inc.'s ("ACI") motion to stay this case pending resolution of an *inter partes* review ("IPR") [44]. For the reasons below, the Court grants ACI's motion in part and stays the case in its entirety.

## I. ORIGINS OF THE MOTION

In September 2023, Plaintiff Kustom Signals, Inc. ("Kustom"), initiated this lawsuit against ACI, alleging that ACI infringed on U.S. Patent Nos. 11,194,039 ("the '039 Patent") and 11,703,602 ("the '602 Patent). Pl.'s Original Complaint at 1 [1]. Both patents claim systems and devices for traffic radar and vehicle speed detection. *Id*. In April 2024, ACI filed a petition for *inter partes* review challenging the validity of Kustom's '039 Patent and '602 Patent. Def.'s Motion at 2. ACI also filed counterclaims against Kustom in this suit, alleging that Kustom infringed on nine of ACI's own patents. Def.'s First Amended Answer [39]. Kustom then amended its complaint to add two additional patents: U.S. Patent Nos. 11,977,172 ("the '172 Patent") and 11,982,754 ("the '754 Patent"). The Patent and Trademark Appeals Board ("PTAB") has not yet determined whether to institute IPR.

MEMORANDUM OPINION AND ORDER – PAGE 1

*Id*.  ACI now asks this Court to stay the instant litigation with regard to Kustom's claims pending the PTO's resolution of ACI's petition for IPR, but not as to ACI's counterclaims asserting infringement of its own patents by Kustom.

## II.  Legal Standard For Motion to Stay

District courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). To decide whether it is appropriate to stay litigation pending examination by the Patent and Trademark Office, courts generally consider: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case and the trial; and (3) whether discovery is complete and whether a trial date has been set. *Murata Mach. USA v. Daifuku Co*., 830 F.3d 1357, 1361 (Fed. Cir. 2016).  The Federal Circuit has also determined that district courts may consider whether a stay would reduce the burden of litigation on the parties and the court.  *Id.* at 1362.  The movant bears the burden of demonstrating that a stay is appropriate.  *Blephex LLC v. Pain Point Med. Sys. Inc.*, 2016 WL 7839343, at *1 (N.D. Tex. 2016).

## III.  The Court Stays the Case As To All Asserted Claims and Counterclaims

The Court finds that on balance the four factors favor granting a stay only if the Court stays the entire case, including the litigation of ACI's counterclaims.  In the interest of fairness and efficiency, the Court grants the motion to stay the case, but declines to sever ACI's counterclaims.

MEMORANDUM OPINION AND ORDER – PAGE 2

### *A. A Stay Will Not Cause Undue Prejudice or Present a Tactical Disadvantage*

A delay caused by the IPR process, without more, does not justify the denial of a stay. *Emp't Law Compliance, Inc. v. Compli, Inc.*, 2014 WL 3739770, at *1 (N.D. Tex. 2014) (collecting cases). Kustom argues primarily that it would be prejudiced by a stay of only its claims but not ACI's counterclaims. *See* Pl.'s Response at 11 [57]. The Court agrees. However, the Court finds that a stay of the entire case pending IPR will not unduly prejudice either party.

Kustom additionally argues that it will be prejudiced by a stay because ACI and Kustom are direct competitors, and ACI can continue its alleged infringement during the stay, which may impact its market share and goodwill. *Id*. While "competition between parties can weigh in favor of finding undue prejudice," *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014), Kustom has failed to show any evidence that Kustom and ACI "have in fact competed for clients or that [Kustom's] business has been affected by [ACI]." *Employment Law Compliance, Inc. v. Compli, Inc.*, 2014 WL 3739770, at *2 (N.D. Tex. 2014). Furthermore, although not dispositive, Kustom's failure to file for preliminary injunction suggests that monetary damages awarded if ACI is ultimately found liable could adequately compensate Kustom for any infringement before or during the stay. *Virtual Agility*, 759 F.3d at 1318–19 ("A stay will not diminish the monetary damages to which [a party] will be entitled if it succeeds in its infringement suit — it only delays realization of those damages.").

Moreover, there is no evidence that ACI filed its IPR in bad faith or to gain a tactical advantage. No party will receive a tactical advantage or disadvantage if the case is stayed in its entirety pending *inter partes* review.

### B. A Stay May Simplify the Issues in the Case

Staying this case pending the PTO's decision on ACI's petition may clarify the scope of the issues and could eliminate the need for a trial altogether on the '039 and '602 Patents. Should the PTAB institute IPR and find some or all of the '039 and '602 Patents' claims invalid, continuing the litigation would result in unnecessary duplication of efforts and expense. *NFC Tech., LLC*, 2015 WL 1069111, at *4. If IPR were instituted but the claims survived, ACI would be estopped from asserting invalidity "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2). The fact that ACI could still raise other legal and equitable defenses and that other patents are at issue in this case is inapposite because the relevant inquiry is whether the issues presented in a case "would be simplified" — it does not require that the IPR process completely resolve them. *E-Watch, Inc.*, 2013 WL 5425298, at *2 ("E-Watch conflates simplification of the issues with total resolution of the case, which is not a factor considered by the court when addressing a motion to stay.").

Kustom insists that any benefit derived from the IPR proceeding is speculative because the PTAB has not determined whether it will institute IPR. Even if the PTAB declines to institute IPR in this case, the Court would still benefit from the PTAB's reasoning in its Institution Decision. Regardless of whether PTAB institutes IPR, some

issues in this case may be simplified, justifying a stay before proceeding in this case. Accordingly, the Court finds this factor weighs in favor of granting the stay.

### C.  The Case Is in the Early Stages of Litigation

In examining this factor, courts consider what resources the parties have invested in the case and whether the parties have completed discovery and set a trial date. *Blephex LLC*, 2016 WL 7839343, at *2. This assessment typically fixed on the point in time when the movant filed the motion to stay. *See Virtual Agility, Inc.*, 759 F.3d at 1317. When ACI filed this motion, the parties had not yet completed discovery or the claim construction phase, and no trial date had been set. It is undisputed that this case is still in its early stages. Consequently, the Court finds that this factor favors a stay.

### D. A Stay Will Reduce the Burden of Litigation on the Court and the Parties

At this point, there "remains a significant amount of work for both the court and the parties" in this litigation. *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014). IPR proceedings, in contrast, "are intended to be quick and cost effective alternatives to litigation." *Wi-FI One, LLC v. Broadcom Corp.*, 878 F.3d 1364, 1368 (Fed. Cir. 2018) (internal citations omitted). Staying this case during the pendency of the IPR petition reduces the burden parallel litigation would otherwise impose on the Court and parties.

This factor is best served by staying the case in its entirety. Staying only Kustom's claims while permitting ACI's counterclaims to continue would only increase the burden of litigation by dividing the case into two cases that are likely to involve overlapping issues

MEMORANDUM OPINION AND ORDER – PAGE 5

and duplicative discovery. A stay of the entire case pending *inter partes* review will best reduce the burden of litigation on the Court and the parties.

## CONCLUSION

Because the Court finds that all four factors weigh in favor of a stay, the Court grants ACI's motion and stays this case pending the PTO's resolution of ACI's petition for *inter partes* review. Although ACI moved for only a partial stay, the Court finds a stay appropriate only if the case is stayed in its entirety. If ACI prefers not to stay the case at all pending IPR, ACI may move to vacate this order.

Signed July 16, 2024.

_____
David C. Godbey
Chief United States District Judge